IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CYNTHIA CHANEY,                      )
        Plaintiff,                   )
                                     )
    v.                               ) Civil Action No. 11-0833
                                     )
HVL, LLC,                            )
        Defendant.                   )

#### MEMORANDUM

Gary L. Lancaster,                          November $\frac{5}{30}$, 2012
Chief Judge.

This is an action in employment discrimination. Plaintiff, Cynthia Chaney, accepted a Rule 68 offer of judgment, and this court thereafter entered judgment against defendant HVL, LLC ("HVL"). Before the court is Chaney's Motion for Attorneys' Fees. [Doc. No. 22]. Chaney seeks $38,187.50 in attorneys' fees and costs. HVL opposes Chaney's motion, arguing that both the billable rate and hours requested by Chaney's counsel are excessive.

For the reasons set forth below, the court will reduce the fees sought by $2,420.00, and will award Chaney $34,510.00 in attorneys' fees and $1,257.50 in costs.

## I.   BACKGROUND

In the underlying litigation, Chaney alleged that HVL discriminated against her and eventually discharged her in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and the Pennsylvania Human Relations Act, 43 PA. STAT. § 951 et seq. ("PHRA"). Both parties agree that the suit was characterized by a "limited damages profile." Accordingly, when HVL made an offer of judgment in the amount of $25,000 pursuant to Federal Rule of Civil Procedure 68 (the "Rule 68 Offer"), Chaney accepted it. A letter accompanying the Rule 68 Offer indicated that attorneys' fees were not included in the settlement figure.

This court entered judgment in favor of Chaney on April 12, 2012. [Doc. No. 21]. Chaney timely filed her motion for attorneys' fees. [Doc. No. 22].

## II.   ANALYSIS

A prevailing party is eligible for an award of reasonable attorneys' fees and costs under the FMLA, 29 U.S.C. § 2617(a)(3), the ADA, 42 U.S.C. § 12205, and the PHRA, 43 PA. STAT. § 962(c.2).

The appropriate starting point in determining whether a fee request is reasonable is calculating the lodestar, that

is, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Washington v. Phila. Cty. Ct. Com. Pl., 89 F.3d 1031, 1035 (3d Cir. 1996) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The reasonableness of the rate is determined according to the prevailing rate in the community. Potence v. Hazleton Area Sch. Dist., 357 F.3d 366, 374 (3d Cir. 2004). Generally, the attorney's normal billing rate is an appropriate baseline for assessing the reasonableness of the rate requested. Id.

The lodestar carries a strong presumption of reasonableness. Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 177-78 (3d Cir. 2001). However, the court must exclude "excessive, redundant or otherwise unnecessary" hours. Holmes ex rel. Holmes v. Millcreek Twp. Sch. Dist., 205 F.3d 583, 595 (3d Cir. 2000) (quoting Hensley, 461 U.S. at 434). The party seeking the fee award has the burden of presenting evidence of sufficient specificity to establish that the fees it has requested are reasonable. Holmes, 205 F.3d at 594-95. Once such evidence is submitted, the opposing party bears the burden of producing record evidence to challenge the amount. McCutcheon v. America's Servicing Co., 560 F.3d 143, 150 (3d Cir. 2009).

A.    Hourly Rate

Chaney's fee request reflected the work of four individuals, but HVL only contests the rate of Attorney Robert Bracken.  HVL argues that his requested $300 hourly rate is inappropriate given Mr. Bracken's "dearth of experience" in employment cases.

Chaney supported Mr. Bracken's requested rate with three declarations from other practitioners, each of whom attested to his skill and stated that $300 is a reasonable rate compared to attorneys in western Pennsylvania of equivalent skill, knowledge, and experience.  Mr. Bracken also submitted two declarations of his own noting that $300 was his standard hourly rate for representing individuals in employment cases, and that he also represents a major regional non-profit at that rate.

Two of the declarants supporting Mr. Bracken are a partner and of counsel at his firm, and the court approaches those with appropriate skepticism.  Nevertheless, their declarations that Mr. Bracken's standard hourly rate is $300 per hour, and that his rate is reasonable for an attorney in this community, stand uncontradicted.  See Haisley v. Sedgwick Claims Mgmt. Servs., No. 08-1463, 2011 WL 4565494, at *10 (W.D. Pa. Sept. 29, 2011) (approving rate where party seeking fees produced evidence that rates were attorney's "actual or

4

customary rates" and opposing party produced no evidence). HVL argues that the rate is unreasonable because Mr. Bracken has only litigated two employment law cases. However, the record suggests that he has served as co-counsel on several others.

In addition, a $300 hourly rate is not out of line with previous fee awards for lead counsel in cases in this forum dealing with employment law or similar issues. See Haisley, 2011 WL 4565494 at *10 (awarding hourly rate of $400 in ERISA case); Kirby v. J.C. Penney Corp., No. 08-1083, 2009 WL 5206027, at *3 (W.D. Pa. Dec. 23, 2009) (finding rate of $425 reasonable in Title VII case). Confronted with no evidence to the contrary, the court finds that Mr. Bracken's hourly rate of $300 is reasonable.

## B. Specific Time Entries

Out of the 106.9 total hours Mr. Bracken billed in this matter, HVL objects to 64.2 hours. It also objects to paying for 18.7 hours billed by paralegals.

First, HVL objects to the amount of time Mr. Bracken spent researching and drafting several documents, chiefly the charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") and the 11-page complaint. In total, Mr. Bracken spent 16.1 hours developing those two documents: 4.9 hours on the charge of discrimination and 11.2 on

5

the complaint. Additionally, HVL objects to 1.2 hours that a paralegal spent revising the complaint. Chaney responds, essentially, that the total hours reflect an appropriate amount of care for critical documents, particularly since the FMLA and ADA are complex federal statutes. The court agrees. The standard requires reasonableness, not the bare minimum effort required to complete a given task. We will not disallow any of these hours.

HVL also challenges the amount of time counsel spent conducting discovery. The disputed time consists of 31.3 hours by Mr. Bracken and 14 hours by a paralegal. The objectionable hours include time spent reviewing and producing Chaney's documents, preparing initial disclosures, responding to interrogatories, and drafting Chaney's own interrogatories and requests for production. HVL's primary objection is that most of the documents Attorney Bracken reviewed and produced were medical records, and that such records were irrelevant and not responsive to HVL's requests for production because HVL had conceded that Chaney was disabled for purposes of the FMLA. However, as Chaney notes, HVL did contest that Chaney was "a qualified individual with a disability" for purposes of the ADA. In addition, HVL's interrogatories requested information about Chaney's medical history.

Chaney's status as a qualified individual under the ADA represents a significantly different inquiry than whether she has a "serious medical condition" as defined by the FMLA. See Peter v. Lincoln Technical Inst., Inc., 255 F. Supp. 2d 417, 440 (E.D. Pa. 2002) (explaining distinction). HVL's concession thus did not relieve counsel of the need to analyze or disclose Chaney's medical records. However, while HVL requested information pertinent to Chaney's diagnosis and treatment in an interrogatory, Chaney has not made HVL's requests for the production of documents part of the record. Therefore the court cannot determine whether a substantial production of medical documents was responsive to HVL's document requests. Because Chaney bears the burden to justify the hours expended, the fifteen total hours[1] Attorney Bracken spent to review and produce documents and the fourteen hours expended by his paralegal organizing and labeling those documents will be reduced by one-third. The remaining 16.3 hours Mr. Bracken spent on discovery-related tasks is reasonable and will not be reduced.

HVL also objects to two time entries, of 0.1 hours each, which Chaney attributes to inter-office communication between Mr. Bracken and a paralegal. HVL does not explain why it believes it is "inappropriate" for counsel to bill for

---

[1]    Specifically, this total consists of 4.5 hours on November 17, 2011, 2.2 hours on January 3, 2012, and 8.3 hours between March 21 and March 27, 2012.

discussions with paralegals.   Regardless, the court disagrees with HVL's position.   See Sch. Dist. of Phila. v. Deborah A., No. 08-2924, 2011 WL 2681234, at *3 (E.D. Pa. Jul. 8, 2011) ("[I]t is reasonable for lawyers and paralegals to communicate about a case throughout the course of the litigation.").   We will not disallow this time.

HVL further objects to the time counsel spent preparing the fee petition itself, consisting of 14.8 hours over two days.   Where attorneys' fees are authorized by statute, the attorney may seek compensation for the expenses incident to litigating the fee petition.   Planned Parenthood of Cent. N.J. v. Att'y Gen. of State of N.J., 297 F.3d 253, 268 (3d Cir. 2002); Shaw v. Cumberland Truck Equip. Co., No. 09-359, 2012 WL 1130605, at *6 (M.D. Pa. Mar. 30, 2012) (awarding compensation for time spent on fee petition in ADA case).   HVL objects to the time expended as excessive.   The fee petition, declarations, and other supporting evidence are relatively straightforward. However, the court does not agree that 14.8 hours is an inherently unreasonable amount of time to spend on such a petition.   See Maldanado v. Houstoun, 256 F.3d 181, 187-88 (3d Cir. 2001) (reducing hours for simple fee petition from twenty-five to ten); Shaw, 2012 WL 1130605 at *6 (reduction to fifteen hours); Mitchell v. City of Phila., No. 99-6306, 2010 WL 1370863, at *13 (E.D. Pa. Apr. 5, 2010) (same).

HVL also challenges various time entries attributed to the filing of documents by a paralegal. The entries in question include 1.1 hours to file the complaint, 1.1 hours to prepare, file, and serve an entry of appearance, and .8 hours to file a waiver of service. Chaney argues that those entries capture more than mere filing, and include preparing cover sheets, scanning and electronically converting documents, and searching for HVL's service address. Nevertheless, the court agrees that filing documents requires less than an hour per document. The three hours spent on these filing tasks will be reduced by half, to 1.5 hours.

HVL also objects to the .5 hour a paralegal spent to "needlessly hand deliver" Chaney's charge of discrimination to the EEOC. However, the EEOC does not permit electronic filing. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, HOW TO FILE A CHARGE OF EMPLOYMENT DISCRIMINATION, http://www.eeoc.gov/employees/howtofile.cfm (last visited June 27, 2012). The hand delivery of crucial documents is not unusual, and the court will not penalize counsel for choosing not to mail the time-sensitive charge.

HVL objects to the amount of time Attorney Bracken spent preparing for the Rule 16 conference. The court does agree with HVL that 1.9 hours is an excessive amount of time to prepare for the Rule 16 conference. Given Mr. Bracken's intimate involvement in this case, the court fails to see why it

9

would require nearly two hours to prepare to discuss the case with the court.  This time will be reduced by one hour, to .9 hours.

HVL also objects to the 5.5 hours Mr. Bracken spent to prepare for mediation.  The time includes the preparation of the mediation statement and damage illustrations.  Although the case did not settle as a result of mediation, the court takes alternative dispute resolution very seriously and is disinclined to penalize counsel for preparing for it adequately.  The 5.5 hours is reasonable.

Finally, HVL objects to the 2.1 hours billed for the initial client meeting.  The primary basis for its objection is that "it is reasonably presumed" that much of the meeting was devoted to discussions of the fee arrangement and legal process for which HVL should not be responsible.  Chaney argues that the meeting was devoted to the merits of Chaney's case and that HVL's objection is based on "rank speculation."  The court agrees that HVL's objection is unfounded, and sees no reason to find the time devoted to the meeting unreasonable.

Otherwise, HVL has not specifically objected to the remaining fees, or to the $1,257.50 in costs requested by Chaney.  The court has independently reviewed them and found them reasonable.  In total, Mr. Bracken's hours will be reduced

10

by 6 hours, and those of Charles Phillips, a paralegal, by 6.2. In total, the bill will be reduced by \$2,420.

### C. Defendant's Remaining Objections

Because the court has found the fees to be reasonable, it will not address HVL's remaining objections, arising from allegations that Chaney's counsel mishandled his client relationship or that HVL relied on statements made by Chaney's counsel prior to the Rule 68 Offer. First, Chaney is not estopped from seeking a reasonable fee due to representations counsel made during settlement negotiations. Sampson v. Embassy Suites, No. 95-7794, 1998 WL 726649, at *1 (E.D. Pa. Oct. 16, 1998). Second, the court declines to second-guess counsel's case management, negotiation techniques, or client relationship. This is particularly true because HVL's allegations are derived from facts that have not been made part of the record and are not entirely undisputed.

### III. CONCLUSION

For the foregoing reasons, we make a total fee award in the amount of \$35,767.50 pursuant to 29 U.S.C. § 2617(a)(3), 42 U.S.C. § 12205, and 43 PA. STAT. § 962(c.2). An appropriate order follows.

11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CYNTHIA CHANEY,                          )
        Plaintiff,                       )
                                         )
    v.                                   ) Civil Action No. 11-0833
                                         )
HVL, LLC,                                )
        Defendant.                       )

ORDER

AND NOW, this ___ day of November, 2012, IT IS HEREBY
ORDERED that plaintiff's petition for attorneys' fees and costs
[Doc. No. 22] is GRANTED WITH MODIFICATION. Based on the
memorandum filed contemporaneously with this order, plaintiff
may recover costs in the amount of $1,257.50 and attorneys' fees
in the amount of $34,510.00 from defendant HVL, LLC.

BY THE COURT,

_____, C.J.

cc: All Counsel of Record